FILED & ENTERED

MAR 29 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GARY MOLL,<br><br>　　　　　　　　　　Debtor.<br><br>―――――――――――――――――<br><br>GARY SALZMAN,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>GARY E. MOLL and ASSOCIATES,<br>GARY E. MOLL,<br><br>　　　　　　　　　　Defendants. | Case No.  2:15-bk-28128-RK<br><br>CHAPTER 7<br><br>Adv. No.  2:16-ap-01057-RK<br><br>**ORDER DENYING MOTION OF ILYSE KLAVIR, ATTORNEY FOR DEFENDANT GARY MOLL, FOR ORDER RELEASING LIEN, REQUIRING PLAINTIFF TO PAY LEGAL FEES AND COSTS AND DISMISSING ADVERSARY PROCEEDING**<br><br>Date:　　March 27, 2018<br>Time:　　2:30 p.m.<br>Courtroom:　　1675 |

　　　This adversary proceeding came on for hearing on March 27, 2018 before the undersigned United States Bankruptcy Judge on the Motion of Ilyse Klavir, Attorney for Defendant Gary Moll, for Status Conference re: Death of Moll and Request for Order to

-1-

Remove Lien on Prepetition Asset (Docket No. 50) filed on February 15, 2018. Ilyse Klavir appeared for herself. Plaintiff Gary Salzman, who is self-represented, appeared for himself.

According to Ms. Klavir, her client, Defendant Gary Moll, died, and his family asked her to file the instant motion in this adversary proceeding to remove the prejudgment attachment lien of Plaintiff on Defendant's home which passes by operation of law to Defendant's widow as community property. By this motion, Ms. Klavir as "Attorney for the Debtor/Defendant Gary Moll" seeks an order releasing Plaintiff's prejudgment attachment lien, an award of damages and legal fees and costs against Plaintiff for "clouding title" of the property from the prejudgment attachment lien and for dismissal of the adversary proceeding. Motion at 2-3. However, Ms. Klavir lacks authority to represent Defendant or his family as counsel for Defendant because under agency principles, his death terminated the attorney's authority under California law. California Civil Code § 2356(a)(2); *Swartfager v. Wells,* 53 Cal.App.2d 522, 527-528 (1942)(citation omitted), *cited in* Tuft and Peck, *Rutter Group California Practice Guide: Professional Responsibility*, § 10:192 (online ed. September 2017 update). Because Ms. Klavir's authority to act as Defendant's attorney terminated on his death and she has not otherwise shown that she has authority to act, she lacks standing to seek relief on his behalf, and therefore, her motion should be denied for lack of standing.

Accordingly, the motion of Ilyse Klavir is denied.

IT IS SO ORDERED. ###

Date: March 29, 2018

_____
Robert Kwan
United States Bankruptcy Judge