

FILED & ENTERED

DEC 20 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum       DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>GARY MOLL,<br><br>                               Debtor.<br><hr><br>GARY SALZMAN,<br>                               Plaintiff,<br>    vs.<br><br>LISA WATSON, as Executor of Estate of<br>Gary E. Moll, Deceased,<br><br>                              Defendant. | No. 2:15-bk-28128-RK<br><br>Chapter 7<br><br>Adv. No. 2:16-ap-01057-RK<br><br>**MEMORANDUM DECISION ON PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DISCHARGEABILITY: 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6)** |

On November 20, 2019, this adversary proceeding came on for an evidentiary hearing before the court upon the prior order of the court setting a hearing for plaintiff Gary Salzman ("Plaintiff" or "Salzman") to prove up his entitlement to default judgment (the "default prove-up") on his First Amended Complaint For Dischargeability: 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6) (the "FAC"), Electronic Case Filing ("ECF") Number

20, filed on June 6, 2016.  Plaintiff appeared for himself.  No appearance was made on behalf of defendant Lisa Watson, as Executor of Estate of Gary E. Moll, Deceased ("Defendant" or "Moll").[1]

In support of default prove-up, Plaintiff filed a Declaration re: Damages, ECF 119, and a Supplemental Brief, ECF 124, addressing the applicability of collateral estoppel based on the state court judgment that arose from litigation of his fraud and breach of fiduciary duty claims against Defendant Gary E. Moll, Plaintiff's former attorney. Additionally, the court considers the FAC, other oral and written arguments of the parties, and the other matters of record before the court and hereby makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable here by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## I.    DISCUSSION

### A.  DEFAULT JUDGMENT AND PROVE-UP

Even though Defendant filed no opposition related to the default prove-up or possible entry of default judgment[2], Plaintiff is not automatically entitled to judgment.  *Lu v. Liu (In re Liu)*, 282 B.R. 904, 907 (Bankr. C.D. Cal. 2002) (citing *Valley Oak Credit Union v. Villegas (In re Villegas)*, 132 B.R. 742, 746 (9th Cir. BAP 1991)).  Rather, pursuant to Federal Rule of Civil Procedure 55(b)(2), made applicable here by Federal Rule of Bankruptcy Procedure 7055, it is within the court's discretion to conduct a hearing and "require a plaintiff to demonstrate a prima facie case by competent evidence[,]" including by establishing "each of the elements of a cause of action" in

---

[1]    By order filed and entered on May 30, 2018, ECF 83, the court granted Plaintiff's motion to substitute Lisa Watson, executor of the Estate of Gary E. Moll, Deceased, for Defendant Gary E. Moll, who reportedly died on October 31, 2017 according to Plaintiff's motion to substitute.  By this order, Ms. Watson was substituted in as the party defendant in this adversary proceeding for Gary E. Moll.  Plaintiff attached a copy of the probate court order appointing Ms. Watson as executor of Defendant decedent's estate.  Exhibit 1 to *Memorandum of Law in Support of Plaintiff's Motion to Substitute Lisa Moll as Executor for Deceased Defendant Gary E. Moll, in this Proceeding; Declaration of Gary Salzman; Exhibit No. 1,* ECF 73, filed on April 27, 2018.

[2]    Default judgments are governed by Federal Rule of Civil Procedure 55, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7055.

1  support of her case.  *Id.* (citations omitted).

2  In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth seven

3  factors that a court may consider in deciding whether to grant entry of a default

4  judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the

5  complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to

6  the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the

7  default was due to excusable neglect; and (7) the strong policy underlying the Federal

8  Rules of Civil Procedure favoring decision on the merits.  *Id.* at 1471-1472.[3]  "Because

9  nondischargeability proceedings implicate a debtor's fresh start, it is especially

10  important that bankruptcy courts ensure that plaintiffs prove their prima facie case

11  before entry of a default judgment."  *In re Yong Li*, 2012 Bankr. LEXIS 5264, 2012 WL

12  5419068, at *2 (9th Cir. BAP 2012) (citing *In re Liu*, 282 B.R. at 908).

13  **B. DISCHARGEABILITY DETERMINATIONS REQUIRE THE EXISTENCE OF AN**

14  **ENFORCEABLE OBLIGATION UNDER NON-BANKRUPTCY LAW**

15  Although in the FAC, ECF 20, Plaintiff alleges two causes of action: breach of

16  fiduciary duty and nondischargeability of debts pursuant to 11 U.S.C. § 523, the court

17  construes the FAC as a single action for nondischargeability premised on breach of

18  fiduciary duty and fraud.  Section 523(a)[4] provides that certain "debts" are not

19  dischargeable.  A debt is defined in § 101(12) as a "liability on a claim."  A "creditor" is

20  an entity that has a claim against the debtor, 11 U.S.C. § 101(10), and a claim means "a

21  right to payment, whether or not reduced to judgment, liquidated, unliquidated, fixed,

22  contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or

23  unsecured[,]" 11 U.S.C. § 101(5)(A).  Accordingly,

24  "there are two distinct issues to consider in the dischargeability analysis: first, the
   establishment of the debt itself, . . . and, second, a determination as to the nature
25  of that debt, an issue within the exclusive jurisdiction of the bankruptcy court and

26  _____

27  [3]    *See also Zhong v. Yong Li (In re Yong Li)*, 2012 Bankr. LEXIS 5264, 2012 WL 5419068, at *2 (9th Cir. BAP 2012) (citing *Eitel v. McCool*).

28  [4]    Unless otherwise indicated, all "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532.

thus governed by Bankruptcy Rule 4007." *Banks v. Gill Distribution Centers, Inc. (In re Banks)*, 263 F.3d 862, 868 (9th Cir. 2001) (citing *Resolution Trust Corp. v. McKendry (In re McKendry)*, 40 F.3d 331, 337 (10th Cir. 1994)).

Thus, as a threshold matter, if Salzman does not hold a valid claim against Moll, meaning Moll owes no debt to Salzman, then Salzman cannot prevail on his claims under §§ 523(a)(2), (a)(4) or (a)(6).[5]

## C. PRECLUSION UNDER CALIFORNIA LAW

California law defines two main forms of preclusion: claim preclusion, or res judicata; and issue preclusion, or collateral estoppel. *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019). Claim preclusion "provides that a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (alteration, internal quotation, and citation omitted). "Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (citation omitted). As discussed below, both forms of preclusion bar Plaintiff from the relief requested in the FAC.

### i.   RES JUDICATA (CLAIM PRECLUSION)

As Plaintiff does not allege a statutory basis for his first cause of action, breach of fiduciary duty, the court determines that Plaintiff's claim is based on common law principles under California law and the relationship between Plaintiff and Defendant as

---

[5]   *See e.g.*, *Quarre v. Saylor (In re Saylor)*, 178 B.R. 209, 213-216 (9th Cir. BAP 1995), *aff'd* 108 F.3d 219 (9th Cir. 1997) (dismissing non-dischargeability proceeding based on creditor's failure to show that the debtor's fraudulent transfer gave rise to a claim for damages under state law and stating that "Nondischargeability is meaningful only in connection with obligations which are or may be monetary."); *In re Mills*, 841 F.2d 902, 904-905 (9th Cir.1988) (dismissing non-dischargeability proceeding based on determination that state law anti-deficiency statute barred creditor's claim for waste); *In re Brugh*, 202 B.R. 765, 767 (Bankr. S.D. Cal. 1996) (finding that plaintiff's state law complaint was barred by the statute of limitations and "consequently, [plaintiff] does not have a claim which a bankruptcy court can determine to be nondischargeable."); *In re Richards*, Case No. 4-88-04402 TS6 Chapter 7, 1990 Bankr. LEXIS 607, 1990 WL 1232910 at *4 (Bankr. N.D. Cal. 1990) ("Before reaching the question of dischargeability, however, the Court must first find a debt.") (citing *In re Mills*, 841 F.2d 902, 904 (9th Cir.1988)). *See also* Alan M. Ahart & Stacy M. Hopkins, *The Role of Nonbankruptcy Law in Dischargeability Proceedings: Unenforceable Obligations Must Not Survive Discharge While Enforceable Obligations May be Excepted from Discharge*, 7 J. Bankr.L. & Prac. 161, 166-167 (1998); *In re Roland*, 294 B.R. 244, 249 (Bankr. S.D.N.Y. 2003).

1  attorney and client.  Defendant Gary E. Moll was Plaintiff's attorney, and Plaintiff alleges

2  that Defendant breached his fiduciary duty to Plaintiff during Defendant's representation

3  of Plaintiff in a lawsuit before the Superior Court of California for the County of Los

4  Angeles.  Here, the doctrine of res judicata bars Plaintiff from establishing that he has

5  an enforceable claim against Defendant based on breach of fiduciary duty.

6      "Bankruptcy courts recognize and apply the basic principles of *res judicata* in

7  determining the effect to be given in bankruptcy proceedings to judgments rendered in

8  other forums."  *Comer v. Comer (In re Comer)*, 723 F.2d 737, 739 (9th Cir. 1984)

9  (citation omitted); 28 U.S.C. § 1738 (judicial proceedings of any state "have the same

10 full faith and credit in every court within the United States . . . as they have by law or

11 usage in the courts of such State.").  "To determine the preclusive effect of [a] state

12 court judgment . . . , we look to state law."  *Sosa v. DirectTV, Inc.*, 437 F.3d 923, 927

13 (9th Cir. 2006) (citation omitted).  Federal courts, including bankruptcy courts, applying

14 res judicata to a state court decision "give the same preclusive effect to [that] judgment

15 as another court of that State would give."  *Parsons Steel, Inc. v. First Alabama Bank*,

16 474 U.S. 518, 523 (1986).  Under California law, "where parallel litigation is pending in

17 different tribunals, the first case to reach final judgment is accorded preclusive effect,

18 regardless of the order in which the cases were filed."  *Sosa v. DirectTV, Inc.*, 437 F.3d

19 at 928 (citations omitted).

20     If a state court judgment is entitled to res judicata effect, the bankruptcy court

21 may not look behind that judgment to determine the actual amount, if any, of the

22 judgment debt obligation, unless applying res judicata "would prohibit the bankruptcy

23 court from exercising its exclusive jurisdiction to determine dischargeability."  *In re*

24 *Comer*, 723 F.2d at 740.  State court judgments determining the existence or *extent* of

25 an obligation do not disturb the bankruptcy court's exclusive jurisdiction over

26 dischargeability determinations because such judgments have "no relevancy to the

27 *nature* of a debt for purposes of dischargeability[.]"  *Id.*  (distinguishing between the

28 nature of the debt for purposes of dischargeability, i.e. an obligation for child and

spousal support arising in connection with a separation agreement, and the amount or value of the default judgement obligation) (emphasis added).

"Under California law, res judicata precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action." *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-1149 (9th Cir. 2010) (citing *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002)).[6]  All three elements are met in this case, and the California Court of Appeals decision in *Salzman v. Watson,* No. B284969, 2018 Cal. App. Unpub. LEXIS 7609, 2018 WL 5862789 (Cal. Ct. App. Nov. 9, 2018), modified and rehearing denied by *Salzman v. Watson*, No. B284969, 2018 Cal. App. Unpub. LEXIS 8130 (Cal. Ct. App. Nov. 30, 2018), review denied by *Salzman v. Watson*, No. S253122, 2019 Cal. LEXIS 338 (Cal. Jan. 23, 2019) (hereinafter "*Salzman v. Watson*") is entitled to res judicata effect as to Plaintiff's first cause of action for breach of fiduciary duty.

### 1. Same Claim

The doctrine of res judicata requires that "all claims based on the same cause of action . . . be decided in a single suit; if not brought initially, they may not be raised at a later date." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th at 897.  "California courts, unlike federal courts, do not determine whether two suits involve the same cause of action by applying the 'same transaction or occurrence' or 'common nucleus of operative facts' test. Instead, California courts will hold that two suits involve the same cause of action when they involve the same 'primary right.'" *Furnace v. Giurbino*, 838 F.3d 1019, 1024 (9th Cir. 2016) (citation omitted).  "Under this theory 'a cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Id.* (citing *Mycogen*, 28 Cal. 4th at 904) (internal quotations omitted).  "The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary

---

[6]    *See also DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 189 Cal. Rptr. 3d 809, 352 P.3d 378, 386 (2015) (same).

right gives rise to but a single cause of action." *Id.* Accordingly, in California, "if two

actions involve the same injury to the plaintiff and the same wrong by the defendant

then the same primary right is at stake even if in the second suit the plaintiff pleads

different theories of recovery, seeks different forms of relief and/or adds new facts

supporting recovery." *Id.* (citation and internal quotation omitted). "The critical focus of

primary rights analysis is the harm suffered." *Id.*

The allegations of Plaintiff's first cause of action in the adversary complaint for

breach of fiduciary duty are the same as he alleged in the fourth cause of action in his

complaint in state court against Defendant,[7] on which there is a final, adverse judgment

against Plaintiff determining that he was not entitled to relief for lack of proven

damages. *See* Appellate Opinion in *Salzman v. Watson,* Defendant's Corrected Notice,

ECF 112 at 3-12. Notably, the breach of fiduciary duty cause of action in this adversary

proceeding appears to have been copied, essentially verbatim, from the state court

complaint.[8] The court may take judicial notice of the related state court proceedings.

Federal Rules of Evidence 201.

Because Plaintiff pleaded the exact same cause of action, including the exact

same factual allegations, in the state court proceeding and this adversary proceeding,

an extensive primary rights analysis is unnecessary. The court agrees with Judge

Rogers's analysis and decision in *Salzman v. Moll*, No. MC026679 (Superior Court of

California, County of Los Angeles, filed Aug. 8, 2017)[9], which characterized Salzman's

complaint sounding in fraud and breach of fiduciary duty, among other causes of action,

---

[7]    *Compare* "State Court Complaint of Plaintiffs Gary Salzman and Maggie Zhang Salzman," Exhibit A to Defendant's Supplemental Response to Opposition to Defendant's Motion to Dismiss First Adversarial Complaint, ECF 90-3 at 9 ("Fourth Cause of Action (Breach of Fiduciary Duty)"), *with* First Amended Complaint for Dischargeability: 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6), ECF 20 at 5 ("First Cause of Action (For Breach of Fiduciary Duty against All Defendants)").

[8]    *Compare* "State Court Complaint of Plaintiffs Gary Salzman and Maggie Zhang Salzman," Exhibit A to Defendant's Supplemental Response to Opposition to Defendant's Motion to Dismiss First Adversarial Complaint, ECF 90-3 at 9-10, internal citations ¶¶46-51, *with* First Amended Complaint for Dischargeability: 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6), ECF 20 at 5-8, internal citations ¶¶ 28-33.

[9]    Attached as Exhibit B to Defendant's Supplemental Response to Opposition to Defendant's Motion to Dismiss First Adversarial Complaint, ECF 90-4, 90-5, 90-6, 90-7.

as one for legal malpractice.  The harm suffered is the "critical focus of primary rights analysis,"[10] and the harm allegedly suffered by Plaintiff is based upon the legal services provided by Defendant.  Accordingly, Plaintiff's cause of action for breach of fiduciary duty in this adversary proceeding arises from the same facts and alleged harm suffered as set forth in the state court proceedings and is the same claim for purposes of res judicata.  *See Lynch v. Warwick*, 95 Cal. App. 4th 267, 270 n.1, 115 Cal. Rptr. 2d 391 (2002) ("[The] complaint lists three causes of action—negligence, breach of contract, and breach of fiduciary duty.  All three causes of action seek damages . . . based on [the defendant attorney]'s negligent or inadequate representation and, thus, while titled differently, all three causes of action seek recovery for legal malpractice.").

### 2.  Same Parties

Here, the Plaintiff (Salzman) and Defendant (Moll) are the same parties as in the former proceeding.

### 3.  Final Judgment on the Merits

"Under California law, . . . a judgment is not final for purposes of res judicata during the pendency of and until the resolution of an appeal."  *Sosa v. DirectTV, Inc.*, 437 F.3d at 928 (citation omitted).  For instance, a California state court judgment is final when "there has been a decision on appeal as well as denial of review by the California Supreme Court."  *Id.*

The procedural posture of the state court decisions in this matter are analogous to the state court litigation in *Sosa v. DirectTV, Inc.*  Like the state court action in that case, here, the judgment in *Salzman v. Watson*[11] is final because the California Court of Appeals affirmed the judgment of the Superior Court of California[12], and the California

---

[10]    *Furnace v. Giurbino*, 838 F.3d at 1024 (citation omitted).

[11]    No. B284969, 2018 Cal. App. Unpub. LEXIS 7609, 2018 WL 5862789 (Cal. Ct. App. Nov. 9, 2018), modified and rehearing denied by *Salzman v. Watson*, No. B284969, 2018 Cal. App. Unpub. LEXIS 8130 (Cal. Ct. App. Nov. 30, 2018), review denied by *Salzman v. Watson*, No. S253122, 2019 Cal. LEXIS 338 (Cal. Jan. 23, 2019).

[12]    Defendant's Corrected Notice, ECF 112 at 3-12 (attaching *Salzman v. Watson*, No. B284969, 2018 Cal. App. Unpub. LEXIS 7609, 2018 WL 5862789 (Cal. Ct. App. Nov. 9, 2018)).

Supreme Court denied review[13].  *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1105 and n.3 (9th Cir. 2010) (acknowledging that state court judgment was not yet final because petition for review was pending before the California Supreme Court).

As discussed in the Court of Appeal's decision in *Salzman v. Watson*[14], the trial court's decision in *Salzman v. Moll*, No. MC026679 (Superior Court of California, County of Los Angeles, filed Aug. 8, 2017)[15] was on the merits because the trial court ruled for Defendant, specifically finding, among others, that "Salzman has not demonstrated he sustained damages as a result of Moll's conduct."  Appellate Opinion in *Salzman v. Watson,* Defendant's Corrected Notice, ECF 112 at 9 (internal pagination at 7).

As discussed above, this court had granted Plaintiff relief from the automatic stay to pursue his fraud and breach of fiduciary duty claims against Defendant in state court, which Plaintiff did.  The state court decided adversely to Plaintiff on his claims against Defendant, however, finding that he was not entitled to relief for lack of proven damages.  Plaintiff appealed the adverse judgment to the California Court of Appeal, which affirmed, and Plaintiff's petition for review by the California Supreme Court was denied.  The adverse judgment of the state court is a final judgment on the merits with res judicata effect, and Plaintiff is not entitled to default judgment on the claim for breach of fiduciary duty.

### ii.   COLLATERAL ESTOPPEL (ISSUE PRECLUSION)

Regarding Plaintiff's second cause of action on dischargeability of debt under 11 U.S.C. 523(a)(2), (a)(4) and (a)(6), he alleges that Defendant engaged in acts of fraud

---

[13]    *Id.* at 13 (attaching *Salzman v. Watson*, No. S253122, 2019 Cal. LEXIS 338 (Cal. Jan. 23, 2019)).

[14]    No. B284969, 2018 Cal. App. Unpub. LEXIS 7609, 2018 WL 5862789 (Cal. Ct. App. Nov. 9, 2018), modified and rehearing denied by *Salzman v. Watson*, No. B284969, 2018 Cal. App. Unpub. LEXIS 8130 (Cal. Ct. App. Nov. 30, 2018), review denied by *Salzman v. Watson*, No. S253122, 2019 Cal. LEXIS 338 (Cal. Jan. 23, 2019).

[15]    Attached as Exhibit B to Defendant's Supplemental Response to Opposition to Defendant's Motion to Dismiss First Adversarial Complaint, ECF 90-4, 90-5, 90-6, 90-7.

against him, which should be determined to be nondischargeable.  Here, the doctrine of

collateral estoppel bars Plaintiff from establishing a claim, or debt, owing from

Defendant to Plaintiff.  Plaintiff's causes of action under § 523(a) therefore must be

dismissed.

Collateral estoppel, or, issue preclusion, applies when an issue of fact or law is

actually litigated and determined by a valid and final judgment, and the determination is

essential to the judgment.  *Arizona v. California*, 530 U.S. 392, 414 (2000) (citing

Restatement (Second) of Judgments § 27, p. 250 (1982)).  Collateral estoppel principles

apply in discharge exception proceedings pursuant to 11 U.S.C. § 523(a).  *Grogan v.*

*Garner*, 498 U.S. 279, 285 n.11 (1991); *Harmon v. Kobrin (In re Harmon)*, 250 F.3d

1240, 1245 (9th Cir. 2001).  The full faith and credit requirement of 28 U.S.C. § 1738

compels the bankruptcy court to give collateral estoppel effect to a prior state court

judgement in a nondischargeability proceeding. *Gayden v. Nourbakhsh (In re*

*Nourbakhsh*), 67 F.3d 798, 801 (9th Cir. 1995).  Federal courts refer to the preclusion

law of the state in which the judgment was rendered to determine the preclusive effect

of a state court judgment.  *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S.

373, 380 (1985); *Diruzza v. City of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003).

In *Lucido v. Superior Court*, 51 Cal. 3d 335, 272 Cal. Rptr. 767, 795 P.2d 1223

(Cal. 1990), the California Supreme Court set forth the requirements for collateral

estoppel.  Under California law, collateral estoppel "'precludes relitigation of issues

argued and decided in prior proceedings,' when six criteria are met." *White v. City of*

*Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (citing *Lucido v. Superior Court*, 795 P.2d

at 1225).  These six elements are: "(1) the issue sought to be precluded from relitigation

must be identical to that decided in a former proceeding; (2) the issue to be precluded

must have been actually litigated in the former proceeding; (3) the issue to be precluded

must have been necessarily decided in the former proceeding; (4) the decision in the

former proceeding must be final and on the merits; (5) the party against whom

preclusion is sought must be the same as, or in privity with, the party to the former

1   proceeding; and (6) application of issue preclusion must be consistent with the public

2   policies of preservation of the integrity of the judicial system, promotion of judicial

3   economy, and protection of litigants from harassment by vexatious litigation." *Id.*

4   (citation and internal quotations omitted).  "The party seeking to assert collateral

5   estoppel has the burden of proving all the requisites for its application."  *Kelly v. Okoye*,

6   (*In re Kelly*), 182 B.R. 255, 258 (9th Cir. BAP 1995).  Any reasonable doubt as to what

7   was decided by a prior judgment should be resolved against allowing the collateral

8   estoppel effect.  *Id.*

9        Plaintiff's causes of action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and

10   523(a)(6) are all premised on fraud.

11        Pursuant to 11 U.S.C. § 523(a)(2)(A), a debt for money, property, or services

12   obtained by the debtor under "false pretenses, a false representation, or actual fraud" is

13   nondischargeable.  The Ninth Circuit requires that a creditor demonstrate by a

14   preponderance of the evidence five elements in order to prevail on a § 523(a)(2)(a)

15   claim: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2)

16   knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to

17   deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and

18   (5) damage to the creditor proximately caused by its reliance on the debtor's statement

19   or conduct.  *Turtle Rock Meadows Homeowners Association v. Slyman (In re Slyman)*,

20   234 F.3d 1081, 1085 (9th Cir. 2000) (citations omitted).   Accordingly, Plaintiff's second

21   cause of action under 11 U.S.C. § 523(a)(2)(A) is premised on fraud because he must

22   establish damages proximately caused by his reliance on Defendant's allegedly

23   fraudulent conduct.

24        Pursuant to 11 U.S.C. § 523(a)(4), a debt for fraud or defalcation while acting in a

25   fiduciary capacity is nondischargeable.  A "debt is nondischargeable under § 523(a)(4)

26   only 'where (1) an express trust existed, (2) the debt was caused by fraud or

27   defalcation, and (3) the debtor acted as a fiduciary to the creditor at the time the debt

28   was created.'"  *In re Banks*, 263 F.3d 862, 870 (9th Cir. 2001) (citing *Otto v. Niles (In re*

1 *Niles)*, 106 F.3d 1456, 1459 (9th Cir. 1997)).  In *Bullock v. BankChampaign, N.A.*, 569

2 U.S. 267 (2013), the Supreme Court considered the scope of the term "defalcation,"

3 holding that "it includes a culpable state of mind requirement . . . involving knowledge of,

4 or gross recklessness in respect to, the improper nature of the relevant fiduciary

5 behavior."  *Id.* at 269; *id.* at 273-274 (discussing the "related statutory term 'fraud'" and

6 holding that "the statutory term 'defalcation' should be treated similarly").  Accordingly,

7 Plaintiff's second cause of action under 11 U.S.C. § 523(a)(4) is premised on fraud

8 because he must demonstrate that Defendant caused a debt by fraud or defalcation

9 while acting in a fiduciary capacity.[16]

10       Pursuant to 11 U.S.C. § 523(a)(6), a debt for "willful and malicious injury by the

11 debtor" to another party is nondischargeable.  In *Kawaauhau v. Geiger*, 523 U.S. 57

12 (1998), the Supreme Court held "that debts arising from recklessly or negligently

13 inflicted injuries do not fall within the compass of § 523(a)(6)."  *Id.* at 64.  Additionally,

14 the Ninth Circuit has stated that "tortious conduct is a required element for a finding of

15 nondischargeability under § 523(a)(6)."  *Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th

16 Cir. 2008) (citing *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1205 (9th Cir. 2001)).

17 Based on Plaintiff's first amended complaint and the two causes of action therein, the

18 court can only assume that Plaintiff's claim under § 523(a)(6) sounds in breach of

19 fiduciary duty or fraud.[17]  As discussed above, the court concludes that any claim for

20 breach of fiduciary duty in this adversary proceeding is barred by the doctrine of res

21 judicata.  The court also notes that fraud is an intentional tort under California law.

22 *Engalla v. Permanente Medical Group Inc.*, 15 Cal. 4th 951, 974-975, 64 Cal. Rptr. 2d

23 843, 938 P.2d 903 (1997).  Accordingly, the court analyzes Plaintiff's second cause of

24 action under 11 U.S.C. § 523(a)(6) as sounding in fraud.

25

---

26 [16]    The court notes that Plaintiff has not alleged, nor presented evidence on, the existence of an
express trust to create a fiduciary duty under federal law for purposes of a claim under 11 U.S.C.

27 523(a)(4).  *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2003).

28 [17]    First Amended Complaint for Dischargeability: 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6), ECF
20 at 5-8.

As discussed below, because Plaintiff actually litigated his fraud claim in the state court proceedings, and the state court ruled adversely to him, Plaintiff is barred from relitigating the issue here, and the court dismisses Plaintiff's dischargeability claims with prejudice.

### 1. Identical Issues

The first element of issue preclusion, that identical issues were decided in the former proceeding, is satisfied here because, notwithstanding the trial court characterizing Plaintiff's state court claim as one for legal malpractice, the California Court of Appeals rendered judgment on Plaintiff's causes of action for fraud and breach of fiduciary duty, which required a finding of damages that is similarly necessary for a cause of action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6).  To prevail under § 523(a)(2)(A), a plaintiff must prove, among other elements, that he sustained damages as the proximate result of the debtor's fraud.  *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010); *see also Lopez v. Raicevic (In re Lopez)*, 2017 Bankr. LEXIS 297, 2017 WL 443540, at *4 (9th Cir. BAP 2017) ("A finding of fraud under California law therefore is identical to a finding of nondischargeability under § 523(a)(2)(A) for issue preclusion purposes in a nondischargeability action.").  Similarly, a prevailing plaintiff under § 523(a)(4) must demonstrate damages on account of defalcation or fraud, *In re Banks*, 263 F.3d at 870, and § 523(a)(6), by its terms, requires a plaintiff to establish injury, meaning damages, by a debtor's willful or malicious conduct.

The state trial court ruled for Defendant, specifically finding, among others, that "Salzman has not demonstrated he sustained damages as a result of Moll's conduct." Defendant's Corrected Notice, ECF 112 at 9 (internal pagination at 7).  Collateral estoppel bars Plaintiff from relitigating this identical issue in this adversary proceeding.

### 2. Actually Litigated in the Prior Proceeding

The issue of Defendant's alleged fraud and any damages or debt owing to Plaintiff was actually litigated before the Superior Court of California and California

1 Court of Appeals.  Under California law, an issue is "actually litigated" when it is properly

2 raised by a party's pleadings or otherwise, when it is submitted to the court for

3 determination, and when the court actually determines the issue. *Harmon v. Kobrin (In*

4 *re Harmon)*, 250 F.3d at 1247 (citations omitted).  In *Salzman v. Watson*[18], the

5 California Court of Appeals stated that "[o]n August 8, 2017, the trial court filed its (final)

6 37-page statement of decision and judgment in favor of Moll.  The [trial] court

7 concluded: . . . Salzman has not demonstrated he sustained damages as a result of

8 Moll's conduct."  Appellate Opinion in *Salzman v. Watson,* 2018 WL 5862789, at *3.

9 Specifically, the trial court found that "[a]lthough Plaintiff complains at length that

10 Defendant bungled the litigation . . . Plaintiff has more than mitigated his alleged

11 damages by ultimately obtaining a default judgment . . . for . . . a total judgment of

12 $67,882.18."[19]

13       Affirming the trial court's decision, the California Court of Appeals concluded, "the

14 judgment in favor of Moll is proper because Salzman has not demonstrated he is

15 entitled to recover any damages against Moll."  Appellate Opinion in *Salzman v.*

16 *Watson,* 2018 WL 5862789, at *3.  The damages element and underlying action for

17 fraud was actually litigated in the state court proceedings because the trial court and

18 appellate court included specific findings as to damages in their judgments.

19     **3.  Necessarily Decided**

20       "Under California law, an issue is necessarily decided when (1) there are explicit

21 findings of an issue made in a judgment or decision, or (2) . . . the issue is a conclusion

22

23 [18]     No. B284969, 2018 Cal. App. Unpub. LEXIS 7609, 2018 WL 5862789 (Cal. Ct. App. Nov. 9, 2018), modified and rehearing denied by *Salzman v. Watson*, No. B284969, 2018 Cal. App. Unpub. LEXIS 8130 (Cal. Ct. App. Nov. 30, 2018), review denied by *Salzman v. Watson*, No. S253122, 2019 Cal. LEXIS 338 (Cal. Jan. 23, 2019).

24

25 [19]     *Salzman v. Moll*, LACSC No. MC026679 (filed Aug. 8, 2017), attached as Exhibit B to Defendant's Supplemental Response to Opposition to Defendant's Motion to Dismiss First Adversarial

26 Complaint, ECF 90-7 at 10 (internal paginations at 38).  In addition to the pleadings and oral arguments that the trial court considered in reaching its decision, on June 1, 2017, the trial court issued a Proposed

27 Judgment and Proposed Statement of Decision and allowed the parties two weeks to request supplemental statements or proposed revisions, or to request to submit additional evidence.  ECF 90-6 at

28 2 (internal paginations at 21).  Plaintiff filed a Request for Supplemental Statement of Decision and Judgment on June 16, 2017.  *Id.*

that must have been necessarily decided by the court." *Bestek Engineering, Inc. v. Malyzsek (In re Malysek)*, 2017 Bankr. LEXIS 192, 2017 WL 129904, at *4 (Bankr. C.D. Cal. Jan. 12, 2017) (citing *Samuels v. CMW Joint Venture (In re Samuels)*, 273 F. Appx. 691, 693 (9th Cir. 2008)).  Here, as discussed above, the state trial court and the state appellate court made express findings related to damages in their decisions. Accordingly, the issue was necessarily decided.

### 4.  Final Decision on the Merits

As discussed above in connection with res judicata, the state court decisions were decisions on the merits because both courts made express findings that Plaintiff failed to prove damages supporting his causes of action for fraud and breach of fiduciary duty.  Here, Plaintiff has exhausted appellate review of the adverse judgment in the state court proceedings, which judgment is final.  *Sosa v. DirectTV, Inc.*, 437 F.3d at 928.

### 5.  Against the Same Party

As discussed above, the parties in the state court proceedings are the same as the parties in the adversary proceeding.

### 6.  Consistent with Public Policy

Applying issue preclusion here promotes "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation[,]" the three public policies identified in *Lucido v. Superior Court*, 51 Cal. 3d 335, 272 Cal. Rptr. 767, 795 P.2d 1223 (1990).  *See also Rodriguez v. City of San Jose*, 930 F.3d 1123, 1136 (9th Cir. 2019).  Here, the court had granted Plaintiff relief from the automatic stay to pursue his fraud and breach of fiduciary duty claims against Defendant in state court, which Plaintiff did.  The California Superior Court and the California Court of Appeal both expressly considered and ruled on the issue of damages and Plaintiff's underlying fraud claim.  Redeciding the issue when Plaintiff's facts and arguments are essentially identical to what was presented in the state court proceedings would undermine the doctrine of collateral estoppel's goals

of judicial integrity and economy.

The court finds that Plaintiff is not entitled to entry of default judgment on his claims under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).  The court set and conducted a default prove-up hearing on the merits to establish the sufficiency of Plaintiff's claims by evidence.  *Eitel v. McCool*, 782 F.2d at 1472 (including ". . . the merits of plaintiff's substantive claim, [and] the sufficiency of the complaint" as elements to be considered when a court evaluates whether to enter a default judgment).  Plaintiff appeared at the November 20, 2019, hearing and offered evidence and argument in support of his request for default judgment.  *See Transcript of November 20, 2019 Hearing on Default Prove-Up*, ECF 127 at 3-16; *Declaration of Plaintiff Gary Salzman re: Damages; Proof of Service,* ECF 119, filed on September 27, 2019; *Plaintiff's Supplemental Brief Pursuant to Court's November 5, 2019 Notice,* ECF 124, filed on November 19, 2019.  Given Plaintiff's failure to demonstrate the existence of any enforceable obligation owing to him under non-bankruptcy law, the court cannot grant the relief requested in the FAC.  *See generally LBS Financial CU v. Craciun (In re Craciun)*, 2014 Bankr. LEXIS 2354, 2014 WL 2211742, at *4 (9th Cir. BAP 2014) (finding that "the court was well within its discretion" to require a default prove-up hearing and affirming the court's denial of default judgment "on the second and third *Eitel* factors").

Plaintiff has had the opportunity to offer evidence and to be heard in support of his claims and entitlement to a default judgment, including during the default prove-up hearing set and conducted by the court.  As discussed herein, he cannot prove his entitlement to relief under any circumstances.  Accordingly, for the foregoing reasons, the court determines that Plaintiff is not entitled to a default judgment, that based on the principles of res judicata and collateral estoppel Plaintiff is not entitled to judgment under any circumstances, and that the court will deny and dismiss with prejudice Plaintiff's first amended complaint and this adversary proceeding.  *See Quarre v. Saylor (In re Saylor)*, 178 B.R. at 213-216; *LBS Financial CU v. Craciun (In re Craciun)*, 2014 Bankr. LEXIS 2354, 2014 WL 2211742, at *3-7.  A separate judgment consistent with

this memorandum decision is being filed and entered concurrently herewith.

IT IS SO ORDERED.

### ###

Date: December 20, 2019

_____

Robert Kwan
United States Bankruptcy Judge